# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: TRICOR DIRECT PURCHASER ANTITRUST LITIGATION | ) ) ) |
| THIS DOCUMENT RELATES TO: C.A. No. 05-358 (KAJ) | ) ) ) ) ) Civil Action No. 05-340 (KAJ) CONSOLIDATED |

**WALGREEN CO.'S OBJECTION TO DEFENDANTS' NOTICE OF VIDEOTAPE DEPOSITION OF WALGREEN CO. PURSUANT TO FED. R. CIV. P. 30(B)(6) LIMITED TO CLASS CERTIFICATION ISSUES**

Plaintiff Walgreen Co. ("Plaintiff") hereby objects to the Rule 30(b)(6) Deposition Notice of Defendants of the Videotape Deposition of Walgreen Co. Pursuant to Fed. R. Civ. P. 30(b)(6) Limited to Class Certification Issues, dated May 22, 2006, as follows:

1. Plaintiff objects to the Defendants efforts to take Plaintiff's deposition on the topics listed in Exhibit A for the limited purpose of class certification issues. Plaintiff is not a named class representative and it is not seeking to represent a class. Plaintiff has filed its own lawsuit solely on its own behalf.

2. Plaintiff objects to defendants' reservation of rights to conduct additional 30(b)(6) depositions of Plaintiff on the topics listed in Exhibit A on the grounds that conducting multiple depositions on the same topics but for purportedly different reasons is unnecessary, unduly burdensome, and will needlessly increase the costs of this litigation.

3. Plaintiff objects to the definition of "you" and "your" as overbroad, unduly burdensome and vague. Plaintiffs further object to the definition of "you" and "your" to the extent

TXdoc1803                                    1

that it includes Plaintiffs' attorneys and consultants, affiliates and the related business entities' attorneys, consultants, officers, directors, employees and all others purporting to act on behalf of the related business entities.

4. Plaintiff objects to Exhibit B to the extent that when combined with the definition of "you" and "your" could be construed to require Plaintiff to search for and produce documents that are in the custody and/or control of third parties.

5. Plaintiff objects to the subject matters specified in Exhibit A (specifically Topics 2, 3, 4, and 5) and the documents requested in Exhibit B to the extent that they seek information and documents relating to Plaintiff's sales, sales prices, sales terms, pricing, and profits because such subjects have no bearing on the claims or defenses in this case and will not lead to the discovery of admissible evidence. The Court has already ruled that defendants are not entitled to "downstream discovery".

6. Plaintiff objects to the subject matters specified in Exhibit A (including Topics 1, 2, 3, 4, and 5) and the documents requested in Exhibit B to the extent that they include products other than TriCor, Lofibra, and any generic fenofibrate product.

7. Plaintiff objects to Topics 5, 6 and 7 in Exhibit A and the documents requested in Exhibit B to the extent that they seek opinions and conclusions on topics that will be the subject of expert testimony.

8. Plaintiff objects to all the subject matters specified in Exhibit A and the documents requested in Exhibit B to the extent that they seek the disclosure of information and/or documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege and/or immunity.

9.  Plaintiff objects to all of the subject matters specified in Exhibit A and the documents requested in Exhibit B as overly broad, unduly burdensome and as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Respectfully submitted,

_____
Richard Alan Arnold
Scott E. Perwin
Lauren Ravkind
KENNY NACHWALTER, P.A.
1100 Miami Center
201 S. Biscayne Boulevard
Miami, Florida 33131-4327
Telephone: (305) 373-1000
Facsimile: (305) 372-1861

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served by facsimile or First Class U.S. Mail on June 7, 2006, upon counsel identified on the attached service list.

_____
Scott E. Perwin

TXdoc1803                                3